## Putnam's Estate.

*Testamentary trustees—Survival of discretionary power to substituted trustee.*

A discretionary power vested in a testamentary trustee *virtute officii* survives to a substituted trustee appointed by the Orphans' Court, under section 56 of the Fiduciaries Act of June 7, 1917, P. L. 447.

Petition and answer. O. C. Phila. Co., April T., 1922, No. 766.

Emily S. Putnam died leaving a will duly admitted to probate Dec. 27, 1911, by which she appointed Charles S. Brown executor and trustee. Brown died Dec. 23, 1918, and the Orphans' Court thereupon appointed as substituted trustee the Continental-Equitable Title and Trust Company. The will contained the following provision:

"Second: All the rest, residue and remainder of the estate, real, personal and mixed, which I may own or possess at my death, I direct shall be divided into two equal parts to my Executor hereinafter named and one of such equal parts I give, devise and bequeath to my nephew, Charles S. Brown, of Oakes, Dickey County, North Dakota, to have and to hold unto him my said nephew as his absolute property forever.

"The other of said two equal parts, into which the residue of my said estate is directed to be divided as aforesaid, I give, devise and bequeath unto my said nephew, Charles S. Brown, In Trust, for the following uses and purposes, to wit, etc.

"I further direct the said Trustee to pay to my niece, Eva Brown Watson, wife of Orville Watson of Greenwood, McHenry County, Illinois, during her life, the net income of said Trust Estate, semi-annually or as much oftener as to my Trustee shall deem best, and I further authorize and direct my said Trustee, in his discretion, whenever he shall consider it to be for the material advantage of my said niece or whenever it may be necessary for her support, to pay to my said niece any part or all of the principal of said Trust Estate then held by him as such Trustee.

"Third: At the death of my said niece all of my said Trust Estate then remaining in the hands of my said Trustee, including all the income therefrom unexpended by my said niece and remaining in the hands of said Trustee, shall be divided equally between such of the children of my said niece as shall then be living and the descendants of such of them as shall then be dead, the descendants of any such deceased child of my niece taking in equal parts among them the share that its or their parent would have taken if then living."

Eva Brown Watson was a married woman, 65 years old, living in Arizona; she had two grown sons; her husband was a farmer, 74 years old, in failing health, and with a small farm. She was without the means to pay for necessary wearing apparel, or to pay for the proper care of her teeth, or to pay for help to attend to her household duties. She applied to the substituted trustee, requesting an allowance out of the principal of the fund. The substituted trustee refused on the ground that the discretion vested in the testamentary trustee was personal. Mrs. Watson thereupon filed a petition in the Orphans' Court, praying for a citation upon the substituted trustee to show cause why it should not exercise its discretion and pay her, in addition to the income, such parts of the principal of the trust fund from time to time as the substituted trustee might deem necessary for her material advantage and support.

The substituted trustee filed an answer, averring that the discretion to make the allowance was personal to the deceased trustee and had not vested

in the substituted trustee. The remaindermen filed answers, requesting that the order be made; the guardian of minor remaindermen, children of a deceased son of petitioner, filed an answer, submitting himself to the decree of the court.

*Clarence L. Mitchell*, for petitioner.

*Errol White*, for trustee, and as guardian *ad litem*.

GEST, J., March 20, 1925.—The only question in this case is whether the power given by the testatrix in her will to the trustees for Eva Brown Watson survived after her death to the substituted trustee appointed by this court under section 56 of the Fiduciaries Act of June 7, 1917, P. L. 447. We have no doubt that it does so survive. A similar question was discussed and so resolved in Kershaw's Estate, 27 Dist. R. 659, in which case the trustee had been appointed under the Act of April 22, 1846, § 1, P. L. 483, and the above cited section of the Fiduciaries Act is even more comprehensive in its terms.

The prayer of the petition is granted and counsel will submit an appro-- priate decree.

LAMORELLE, P. J., was absent.